Lee S. Attanasio (LA-3054)
Roger G. Schwartz (RS-0721)
SIDLEY AUSTIN BROWN & WOOD
875 Third Avenue
New York, New York  10022
(212) 906-2000

    -- and --

Norman N. Kinel (NK-0474)
Ellen R. Moring (EM-3093)
SIDLEY AUSTIN BROWN & WOOD LLP
One World Trade Center
New York, New York  10048
(212) 839-5300

Attorneys for Debtor and
    Debtor-in-Possession

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

-------------------------------------------------------------x

| | | |
|---|---|---|
| In re: | : | Chapter 11 |
| | : | |
| Mçtiom, Inc., | : | Case No. 01-12840  (AJG1) |
| | : | |
| Debtor. | : | |

-------------------------------------------------------------x

**APPLICATION FOR AN ORDER AUTHORIZING AND APPROVING EMPLOYMENT AND RETENTION OF SIDLEY AUSTIN BROWN & WOOD AND AFFILIATED LAW PRACTICE ENTITIES AS ATTORNEYS FOR THE DEBTOR AND DEBTOR-IN-POSSESSION PURSUANT TO 11 U.S.C. § 327(a) AND FED. R. BANKR. P. 2014**

      Mçtiom, Inc., a Delaware corporation, debtor and debtor-in-possession in the

above-captioned case (the "Debtor"), hereby applies to this Court for an order authorizing and

approving the employment and retention of Sidley Austin Brown & Wood and its affiliated law

practice entities (collectively, "SAB&W") as its attorneys pursuant to 11 U.S.C. § 327(a) and

Fed. R. Bankr. P. 2014 (the "Application").  The facts and circumstances supporting this

Application are set forth in the Affidavit of Martin P. Colburn in Support of Chapter 11 Petition

and First Day Motions and Applications and Pursuant to Local Bankruptcy Rule 1007-2 (the "Colburn Affidavit"), and in the Affidavit of Lee S. Attanasio in Support of Application for an Order Authorizing and Approving Employment and Retention of Sidley Austin Brown & Wood and Affiliated Law Practice Entities as Attorneys for the Debtor and Debtor-in-Possession Pursuant to 11 U.S.C. § 327(a) and Fed. R. Bankr. P. 2014 and Disclosure of Compensation Pursuant to 11 U.S.C. § 329 and Fed. R. Bankr. P. 2016 (the "Attanasio Affidavit"). In further support hereof, the Debtor respectfully represents as follows:

**INTRODUCTION**

1.      On May 15, 2001 (the "Petition Date"), the Debtor filed a voluntary petition for relief under chapter 11 of title 11 of the United States Code, as amended (the "Bankruptcy Code").

2.      The Debtor has continued in possession of its properties and continues to operate and manage its business as a debtor-in-possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

3.      This Court has jurisdiction over this Motion pursuant to 28 U.S.C. §§ 157 and 1334. Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2). The statutory predicates for the relief requested herein are sections 327 and 329 of the Bankruptcy Code and Rules 2014 and 2016 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules").

4.      No request has been made for the appointment of a trustee or examiner, and no official committee has yet been established in this case.

## BACKGROUND

1.      Founded in November 1996 as Intelisys Electronic Commerce, Inc., the Debtor was a leading designer, developer and marketer of Internet-based business-to-business electronic commerce solutions.  The Debtor's primary businesses are (i) the provision of software to permit businesses to streamline their procurement or sales process by making it easy for buyers to place orders with a multitude of suppliers by directly accessing such suppliers' electronic catalogs, and for sellers to get access to large numbers of purchasers by making available their supply electronically, and (ii) the provision of software to create business-to-business "e-marketplace" sites where goods, services and information can be obtained by potential customers with respect to a particular business or industry, and the maintenance and servicing of such software.  These businesses are driven by Mçtiom's flagship software product – Mçtiom ConnectTrade™.

6.      From its inception through much of 1998, the Debtor conducted research and began  development of its software products.  The Debtor's electronic procurement software became available in 1998, and the electronic marketplace software became available in 2000.

7.      Through December 31, 1999, the Debtor's operating revenue was principally derived from licenses of its Mçtiom ConnectTrade™ procurement software and related maintenance and service contracts.  In 2000, the Debtor also began deriving revenue from the development of electronic marketplaces.  Although the Debtor's revenue from its two primary software products generally increased from fiscal quarter to fiscal quarter, the Debtor incurred significant one-time and recurring costs to develop its technology, to market its products and to recruit and train personnel.  As a consequence, the Debtor has incurred significant and continuing net operating losses since inception.

8.    To fund operations, the Debtor historically relied upon private placement equity financing.  In late 2000, the Debtor was confronted with liquidity problems stemming from its continued operating losses and the exhaustion of its existing funding sources.  Although the Debtor was able to obtain a discretionary commitment for up to $45 million in private placement equity financing in 2001, only the first tranche – $15 million in January 2001 – was actually funded.  After exploring and exhausting numerous other options for resolving its liquidity crisis – including alternative sources of capital and the sale of the Debtor's businesses – the Debtor's Board of Directors and senior management team determined that an orderly sale and liquidation of the Debtor's assets through a chapter 11 case would provide the best means for maximizing the value of the Debtor's estate for the benefit of the Debtor's creditors and other stakeholders.

## RELIEF REQUESTED

9.    The Debtor wishes to employ and retain SAB&W as its bankruptcy attorneys to file its chapter 11 case and, subject to entry of an order approving such employment and retention, to act as attorneys in connection with prosecution of its chapter 11 case and performance of legal services as set forth herein.

10.    Prior to the Petition Date, in early April 2001, the Debtor engaged SAB&W (then, Sidley & Austin)[1] to identify and evaluate restructuring options for the Debtor's business.  During the course of such representation of the Debtor, SAB&W has become intimately familiar with the Debtor and its affairs.  The retention of counsel already conversant

---

[1] As set forth in the Attanasio Affidavit attached hereto, effective May 1, 2001, Sidley & Austin and Brown & Wood LLP combined to form SAB&W.

with the issues that are likely to arise in this chapter 11 case will prove to be cost-efficient and beneficial for the Debtor and its estate.

11.     SAB&W has a national reputation and extensive experience in bankruptcy, insolvency, restructuring and reorganization cases, as well as specialized and substantial expertise in litigation and in corporate, real estate and tax law.  SAB&W is a full-service law firm with a national and international presence that has more than 1,300 lawyers in thirteen offices located in major cities throughout the United States, Europe, and Asia.  SAB&W has experience and expertise in every major substantive area of legal practice, and its regular clients include leading public companies in a variety of industries, smaller and privately-held businesses, major nonprofit organizations, and individuals.

12.     In addition, the partners and associates of SAB&W who will advise the Debtor in this chapter 11 case have considerable knowledge and experience in the field of bankruptcy law and debtors' and creditors' rights, including insolvencies, restructurings and business reorganizations and liquidations under chapter 11 of the Bankruptcy Code, as well as in other areas of law related to the within chapter 11 case such as litigation and corporate, real estate and tax law.  For all of these reasons, the Debtor believes that SAB&W is uniquely well-qualified to represent it in this chapter 11 case.

13.     The professional services of SAB&W are necessary to enable the Debtor to execute faithfully its duties as a debtor-in-possession.  Subject to the control and further order of this Court, the Debtor proposes to retain SAB&W to render services under a general retainer, including but not limited to, the following:

> (a)     advising the Debtor with respect to its powers and duties as a debtor and debtor-in-possession in the continued management and operation of its businesses and properties;

(b)      attending meetings and negotiating with representatives of creditors and other parties in interest and advising and consulting on the conduct of the case, including all of the legal and administrative requirements of operating in chapter 11;

(c)      taking all necessary action to protect and preserve the Debtor's estate, including the prosecution of actions on its behalf, the defense of any actions commenced against the estate, negotiations concerning all litigation in which the Debtor may be involved and objections to claims filed against the estate;

(d)      preparing on behalf of the Debtor all motions, applications, answers, orders, reports and papers necessary to the administration of the estate;

(e)      negotiating and preparing on the Debtor's behalf plan(s) of liquidation, reorganization, disclosure statement(s) and all related agreements and/or documents and taking any necessary action on behalf of the Debtor to obtain confirmation of such plan(s);

(f)      advising the Debtor in connection with any sale of assets;

(g)      appearing before this Court, any appellate courts, and the U.S. Trustee, and protecting the interests of the Debtor's estate before such courts and the U.S. Trustee;

(h)      performing all other necessary legal services and providing all other necessary legal advice to the Debtor in connection with this chapter 11 case; and

(i)      providing general corporate, real estate, tax and financing advice to the Debtor, as requested.

14.      Subject to this Court's approval, SAB&W will charge the Debtor for its legal services on an hourly basis in accordance with its ordinary and customary rates for matters of this type as in effect on the date such services are rendered and for reimbursement of all costs, expenses and out-of pocket disbursements incurred, as more fully set forth in the Attanasio Affidavit filed concurrently herewith.  In the normal course of business, SAB&W revises its hourly rates from time to time.  SAB&W's billing rates currently range from $410/hr to $575/hr for partners, $175/hr to $375/hr for associates and $80/hr to $160/hr per hour for para-professionals.

15.     In addition to the hourly rates set forth above, SAB&W customarily charges its clients for all disbursements incurred, including telephone and telecopier charges, regular and express mail charges, special or hand delivery charges, document processing, photocopying charges, travel expenses, computerized research charges, and transportation costs, as well as non-ordinary overhead expenses such as secretarial overtime.

16.     SAB&W has received a $300,000 retainer (the "Retainer") in connection with advising the Debtor as to restructuring options for the Debtor's business, preparing for the filing of this chapter 11 case and for its proposed post-petition representation of the Debtor.  A portion of the Retainer has been applied to outstanding balances and will be applied to any remaining pre-petition fees and expenses identified after the date hereof; the remainder, approximately $222,737.51 as of the Petition Date, will constitute a general retainer for post-petition services and expenses.  In the event the Retainer is insufficient to pay any remaining pre-petition fees and expenses, SAB&W has agreed to waive any remaining pre-petition claim against the Debtor.  As set forth above, SAB&W has been providing services to the Debtor since April 2001 and has received $77,262.49 on account of legal services rendered in contemplation of, or in connection with, this bankruptcy case within one year prior to the Petition Date.

17.     SAB&W intends to apply to the Court for allowance of compensation for professional services rendered and reimbursement of charges and disbursements incurred in this chapter 11 case in accordance with applicable provisions of the Bankruptcy Code, the Bankruptcy Rules, the Local Bankruptcy Rules and orders of this Court.

18.     To the best of the Debtor's knowledge, the members, counsel and associates of the firm of SAB&W:  (i) do not have any connections with any of the Debtor, its creditors or any other party in interest, or their respective attorneys and accountants; (ii) are

"disinterested persons," as that term is defined in section 101(14) of the Bankruptcy Code; and (iii) do not hold or represent any interest adverse to the Debtor's estate, except as set forth in the Attanasio Affidavit, filed concurrently herewith.

19.     As set forth in the Attanasio Affidavit:

(a)     Neither SAB&W nor any attorney at the firm holds or represents an interest adverse to the Debtor's estate.

(b)     Neither SAB&W nor any attorney at the firm is or was a creditor or an insider of the Debtor, except that SAB&W has previously rendered legal services to the Debtor for which it has either been compensated or has agreed to waive its claim.

(c)     Neither SAB&W nor any attorney at the firm is or was an investment banker for any outstanding security of the Debtor.

(d)     Neither SAB&W nor any attorney at the firm is or was, within three years before the Petition Date, an investment banker for a security of the Debtor, or an attorney for an investment banker in connection with the offer, sale or issuance of any security of the Debtor.

(e)     Neither SAB&W nor any attorney at the firm is or was, within two years before the Petition Date, a director, officer or employee of the Debtor or of an investment banker of the Debtor.

(f)     SAB&W does not have an interest materially adverse to the interest of the estate or of any class of creditors or equity security holders, by reason of any direct or indirect relationship to, connection with, or interest in the Debtor or an investment banker specified in the foregoing paragraphs, or for any other reason.

20.     SAB&W has indicated a willingness to act on behalf of the Debtor in accordance with the terms of this Application.

21.     The Debtor believes that it is necessary and in the best interests of its estate and creditors for the Debtor to be authorized to employ and retain SAB&W to render professional services on its behalf.

## **NOTICE**

22.     Notice of this Application has been given to the United States Trustee for the Southern District of New York and such other parties as this Court may direct.  In light of the nature of the relief requested, the Debtor submits that no further notice need be given. Accordingly, the Debtor requests that the Court waive and dispense with the requirement of any further notice.

23.     No previous application for the relief sought herein has been made by the Debtor to this or any other court.

24.     The Debtor requests that this Court deem the contents of this Application sufficient for purposes of satisfying the memorandum of law requirement in Rule 9013-1(b) of the Local Rules for the United States Bankruptcy Court for the Southern District of New York. The relief requested in the Application is administrative in nature and raises no novel issues of law.

WHEREFORE, for the foregoing reasons, the Debtor respectfully requests that the Court (i) enter the accompanying proposed form of Order authorizing and approving the employment and retention of SAB&W as its attorneys in this chapter 11 case pursuant to section 327(a) of the Bankruptcy Code and Rule 2014 of the Federal Rules of Bankruptcy Procedure until such time as the Court either approves or denies this Application and (ii) grant such other and further relief as may be just and proper.

Dated: New York, New York
      May 15, 2001

                              Mçtiom, Inc.
                              Debtor and Debtor-in-Possession

                              By:__/s/ Martin P. Colburn_____
                                     Martin P. Colburn
                                     Chief Operating Officer and Member
                                     of the Office of the Chief Executive
                                   of Mçtiom, Inc.

Lee S. Attanasio (LA-3054)
Roger G. Schwartz (RS-0721)
SIDLEY AUSTIN BROWN & WOOD
875 Third Avenue
New York, New York  10022
(212) 906-2000

      -- and --

Norman N. Kinel (NK-0474)
Ellen R. Moring (EM-3093)
SIDLEY AUSTIN BROWN & WOOD LLP
One World Trade Center
New York, New York  10048
(212) 839-5300

Attorneys for Debtor and
      Debtor-in-Possession

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------x
In re:                  :      Chapter 11
                        :
Mçtiom, Inc.,           :      Case No. 01-12840  (AJG1)
                        :
            Debtor.      :
-------------------------------------------------------------x

**AFFIDAVIT OF LEE S. ATTANASIO IN SUPPORT OF APPLICATION FOR AN
ORDER AUTHORIZING AND APPROVING EMPLOYMENT AND RETENTION OF
SIDLEY AUSTIN BROWN & WOOD AND AFFILIATED LAW PRACTICE ENTITIES
AS ATTORNEYS FOR THE DEBTOR AND DEBTOR-IN-POSSESSION PURSUANT
TO 11 U.S.C. § 327(A) AND FED. R. BANKR. P. 2014 AND DISCLOSURE OF
COMPENSATION PURSUANT TO 11 U.S.C. § 329 AND FED. R. BANKR. P. 2016**

STATE OF NEW YORK        )
                             ) ss:
COUNTY OF NEW YORK     )


      LEE S. ATTANASIO, being duly sworn, deposes and says:

      1.      I am a member of the firm of Sidley Austin Brown & Wood, which

maintains offices for the practice of law at 875 Third Avenue, New York, New York  10022.  I

am a member in good standing of the bar of, and am admitted to practice in, the State of New York and the United States District Courts for the Southern District of New York and the Eastern District of New York.  I submit this affidavit pursuant to 11 U.S.C. §§ 327 and 329 and Fed. R. Bank. P. 2014 and 2016 in support of the Application for an Order Authorizing and Approving Employment and Retention of Sidley Austin Brown & Wood and Affiliated Law Practice Entities as Attorneys for the Debtor and Debtor-in-Possession Pursuant to 11 U.S.C. § 327(a) and Fed. R. Bankr. P. 2014 (the "Application"), filed contemporaneously herewith by Mçtiom, Inc., a Delaware corporation (the "Debtor").  Except as otherwise indicated, I have personal knowledge of the matters set forth herein and, if called as a witness, would testify competently thereto.[1]

<u>QUALIFICATION OF PROFESSIONALS</u>

2.  One of the predecessor law firm partnerships to Sidley Austin Brown & Wood and its affiliated law practice entities including Sidley Austin Brown & Wood LLP (collectively, "SAB&W"), Sidley & Austin, first performed legal work for the Debtor, pursuant to an engagement letter dated as of April 23, 2001.  Sidley & Austin was engaged to identify and evaluate various restructuring options for the Debtor's business, which has resulted in the preparation and filing of the Debtor's chapter 11 petition.  On May 1, 2001, a combination between Sidley & Austin and Brown & Wood LLP became effective, thereby forming SAB&W.

3.  During the course of its representation of the Debtor, as both Sidley & Austin and SAB&W, the firm has become intimately familiar with the Debtor and its affairs. The retention of counsel already conversant with the issues that are likely to arise in this chapter

---

[1] Certain of the disclosures herein relate to matters within the knowledge of other attorneys at SAB&W and are based on information provided by them.

11 case will prove to be cost-efficient and beneficial for the Debtor and its estate. Moreover, SAB&W has a national reputation and extensive experience in bankruptcy, insolvency, restructuring and reorganization cases, as well as specialized and substantial expertise in litigation and in corporate, real estate and tax law. SAB&W is a full-service law firm with a national and international presence that has more than 1,300 lawyers in thirteen offices located in major cities throughout the United States, Europe, and Asia. SAB&W has experience and expertise in every major substantive area of legal practice, and its regular clients include leading public companies in a variety of industries, smaller and privately-held businesses, major nonprofit organizations, and individuals.

4.     In addition, the partners and associates of SAB&W who will advise the Debtor in this chapter 11 case have considerable knowledge and experience in the field of bankruptcy law and debtors' and creditors' rights, including insolvencies, restructurings and business reorganizations and liquidations under chapter 11 of the Bankruptcy Code, as well as in other areas of law related to the within chapter 11 case such as litigation and corporate, real estate and tax law.

<u>SERVICES TO BE RENDERED</u>

5.     The Debtor has requested that SAB&W render the following services in connection with this case:

(a)     advising the Debtor with respect to its powers and duties as a debtor-in-possession in the continued management and operation of its businesses and properties;

(b)     attending meetings and negotiating with representatives of creditors and other parties in interest and advising and consulting on the conduct of the case, including all of the legal and administrative requirements of operating in chapter 11;

(c)     taking all necessary action to protect and preserve the Debtor's estate, including the prosecution of actions on its behalf, the

defense of any actions commenced against the estate, negotiations concerning all litigation in which the Debtor is involved and objections to claims filed against the estate;

(d)     preparing on behalf of the Debtor all motions, applications, answers, orders, reports and papers necessary to the administration of the estate;

(e)     negotiating and preparing on the Debtor's behalf plan(s) of liquidation, reorganization, disclosure statement(s) and all related agreements and/or documents and taking any necessary action on behalf of the Debtor to obtain confirmation of such plan(s);

(f)     advising the Debtor in connection with the sale of assets;

(g)     appearing before this Court, any appellate courts and the U.S. Trustee and protecting the interests of the Debtor's estate before such courts and the U.S. Trustee;

(h)     performing all other necessary legal services and providing all other necessary legal advice to the Debtor in connection with this chapter 11 case; and

(i)     providing general corporate, real estate, tax and financing legal advice to the Debtor, as requested.

6.     Subject to this Court's approval of the Application, SAB&W is willing to serve as the Debtor's counsel and to perform the services described above.

## DISINTERESTEDNESS OF PROFESSIONALS

7.     Except as otherwise set forth herein, the members and associates of SAB&W (i) do not have any connection with the Debtor, its creditors, or any other party in interest, or their respective attorneys and accountants, (ii) are "disinterested persons," as that term is defined in section 101(14) of the Bankruptcy Code, and (iii) do not hold or represent any interest adverse to the estate.

8.     SAB&W has performed a review of potential connections and relationships between the firm and (a) the Debtor, (b) the Debtor's officers and directors, (c) major equity security holders as of May 1, 2001, (d) the top fifty general unsecured creditors

4

(based on open payable dollar amounts during the week prior to the date of the filing of the Debtor's chapter 11 petition), and (e) the non-debtor parties to the Debtor's significant executory contracts and unexpired leases. In accordance with the above-described review, I am presently aware of the active and former representations of the parties (and certain of such parties' affiliates) listed in Exhibit A hereto. Except as otherwise noted in paragraph 9 below, the representations listed in Exhibit A are wholly unrelated to the Debtor or its chapter 11 case. Billings to none of the parties listed in Exhibit A constituted a material portion of either Sidley & Austin's or Brown & Wood LLP's revenues in 2000. Insofar as I have been able to ascertain, neither I, SAB&W, nor any partner, counsel or associate of the firm, hold or represent any interest adverse to the Debtor's estate.

9. In October 2000, Sidley & Austin represented Lowell Freiberg, the Debtor's current Chief Financial Officer and a member of the Office of the Chief Executive, in connection with the negotiation and documentation of Mr. Freiberg's employment agreement with the Debtor. SAB&W does not currently represent Mr. Freiberg, and has disclosed such former representation by Sidley & Austin to the Debtor. SAB&W has discussed the issue with both Mr. Freiberg and the Debtor, and all parties acknowledge that should any issue implicating Mr. Freiberg's employment agreement arise in the context of this chapter 11 case, or in a chapter 7 case in the event of conversion, SAB&W will not represent Mr. Freiberg in connection with such matter.

10. In light of the number of creditors and other parties in interest, and because definitive lists of all such creditors and other parties have not yet been prepared, neither I nor the firm are able to conclusively identify all potential relationships. To the extent that I

become aware of any additional relationship that may be relevant to SAB&W's representation of the Debtor, I promptly will file a supplemental Affidavit.

11.     SAB&W is a "disinterested person" as that term is defined in section 101(14) of chapter 11 of title 11 of the United States Code (the "Bankruptcy Code"), as modified by section 1107(b) of the Bankruptcy Code, in that the firm and, to the best of my present knowledge, its partners:

(a)     are not creditors, equity security holders or insiders of the Debtor;

(b)     are not and were not investment bankers for any outstanding security of the Debtor;

(c)     have not been, within three (3) years before the date of the filing of the Debtor's chapter 11 petition (i) investment bankers for a security of the Debtor, or (ii) attorneys for such an investment banker in connection with the offer, sale or issuance of a security of the Debtor;

(d)     are not and were not, within two (2) years before the date of the filing of the Debtor's chapter 11 petition, directors, officers or employees of the Debtor or of an investment banker specified in subparagraph (b) or (c) of this paragraph; and

(e)     do not have any interest materially adverse to the interests of the Debtor's estate or of any class of creditors or equity security holders by reason of any direct or indirect relationship to, connection with, or interest in, the Debtor or an investment banker specified in subparagraph (a) or (b) of this paragraph, or for any other reason.

<u>PROFESSIONAL COMPENSATION</u>

12.     SAB&W has represented the Debtor in preparation for these filings. SAB&W has received a $300,000 retainer in connection with advising the Debtor as to restructuring options for the Debtor's business, preparing for the filing of this chapter 11 case and for its proposed post-petition representation of the Debtor.  SAB&W will apply a portion of this retainer to any remaining pre-petition fees and expenses identified after the date hereof; the

6

remainder will constitute a general retainer for post-petition services and expenses. In the event the retainer is insufficient to pay any remaining pre-petition fees and expenses, SAB&W will waive any remaining pre-petition claim against the Debtor. Since April 2001, SAB&W has received $77,262.49 on account of legal services rendered in contemplation of, or in connection with, this bankruptcy case within one year prior to the date of the filing of the petition for this chapter 11 case.

13. SAB&W's billing rates vary from $410/hr to $575/hr for partners, $175/hr to $375/hr for associates and $80/hr to $160/hr for para-professionals and are subject to periodic adjustment. The Debtor has been billed, and will continue to be billed, at SAB&W's customary billing rates for matters of this type. In addition, the Debtor has agreed to reimburse SAB&W for costs and expenses incurred in connection with this case at SAB&W's normal and customary rates and charges. SAB&W's routine policy with respect to expenses is to charge its clients in all areas of practice for expenses incurred in connection with each client's case. The expenses charged to clients include, among other things, telephone and telecopier charges, regular and express mail charges, special or hand delivery charges, document processing, photocopying charges, travel expenses, computerized research charges, and transportation costs, as well as non-ordinary overhead expenses such as secretarial overtime. SAB&W believes that failure to charge these expenses would require the firm to increase its current hourly rates.

14. SAB&W is willing to act on the Debtor's behalf at its normal and customary rates for matters of this type, together with reimbursement of all costs and expenses incurred by SAB&W in connection herewith, and the Debtor proposes to pay SAB&W at such rates and to reimburse it for such expenses, subject to the provisions of the Bankruptcy Code and

the Federal Rules of Bankruptcy Procedure, and the applicable Local Rules and other orders of this Court.

15.     SAB&W has not shared or agreed to share any compensation received in this case with any other entity other than its partners and associates in accordance with the governing partnership agreements of SAB&W.

_/s/ Lee S. Attanasio___
Lee S. Attanasio

Sworn to and subscribed before me
this <u>15th</u> day of May, 2001

_/s/ Dale H. Hirshon_____
Notary Public
State of New York
No. 41-4910769
Qualified in Queens County
Commission Expires October 13, 2001

## EXHIBIT A

**Current Related Representations**
None

**Current Unrelated Representations**
Accenture, Inc. and affiliates
American Express and various affiliates
Chase Manhattan Bank and affiliates
Deloitte & Touche Corporate Finance Ltd.
First Union National Bank
Hasbro, Inc.
Intuit
JP Morgan and various affiliates
KPMG LLP
Lend Lease, Inc.
Manugistics
Microsoft Corporation
Milbank Tweed Hadley & McCloy
Motorola, Inc.
Oracle Corporation
Siebel Systems, Inc.
State of California
Telstra Corporation Limited
Texas Instruments, Inc.
Westpac Banking Corporation

**Former Related Representations**
Mr. Lowell Freiberg

**Former Unrelated Representations**
American Express and various affiliates
Chase Bank Affiliates
First Union National Bank
JP Morgan and various affiliates
Microsoft Corporation
Telstra Corporation Limited

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------x
In re:                                          :        Chapter 11
                                                :
Mçtiom, Inc.,                                   :        Case No. 01-12840  (AJG1)
                                                :
                    Debtor.                     :
------------------------------------------------------------------x

**INTERIM ORDER AND NOTICE AUTHORIZING AND APPROVING EMPLOYMENT
AND RETENTION OF SIDLEY AUSTIN BROWN & WOOD AND AFFILIATED LAW
PRACTICE ENTITIES AS ATTORNEYS FOR THE DEBTOR AND DEBTOR-IN-
POSSESSION PURSUANT TO 11 U.S.C. § 327(a) AND FED. R. BANKR. P. 2014**

Upon the application dated May 15, 2001 (the "Application") of Mçtiom, Inc., a

Delaware corporation, debtor and debtor-in-possession in the above-captioned case (the

"Debtor"), for entry of an order pursuant to 11 U.S.C. § 327(a) and Fed. R. Bankr. P. 2014

authorizing and approving the employment and retention of Sidley Austin Brown & Wood and

its affiliated law practice entities (collectively, "SAB&W") as attorneys for the Debtor; and upon

the Affidavit of Lee S. Attanasio in Support of Application for an Order Authorizing and

Approving Employment and Retention of Sidley Austin Brown & Wood and Affiliated Law

Practice Entities as Attorneys for the Debtor and Debtor-in-Possession Pursuant to 11 U.S.C. §

327(a) and Fed. R. Bankr. P. 2014 and Disclosure of Compensation Pursuant to 11 U.S.C. § 329

and Fed. R. Bankr. P. 2016; and upon the Affidavit of Martin P. Colburn in Support of Chapter

11 Petition and First Day Motions and Applications and Pursuant to Local Bankruptcy Rule

1007-2; and the Court being satisfied with the representations made in the Application and

affidavits that said attorneys represent no interest adverse to the Debtor's estate, that they are

disinterested persons as that term is defined under section 101(14) of title 11 of the United States

Code (the "Bankruptcy Code"), as modified by section 1107(b) of the Bankruptcy Code, and that

their employment is necessary and would be in the best interests of the Debtor's estate; and it

appearing that proper and adequate notice has been given and that no other or further notice is

necessary; and the Court being satisfied that the contents of the Application are sufficient for

purposes of satisfying the memorandum of law requirement in Rule 9013-1(b) of the Local Rules

of this Court; and upon the record herein; and after due deliberation thereon; and good and

sufficient cause appearing therefor, it is hereby

ORDERED, that pursuant to sections 327(a) and 329 of the Bankruptcy Code, the

retention and employment of SAB&W as attorneys for the Debtor as of the date of the filing of

this chapter 11 case on the terms set forth in the Application and in the Attanasio Affidavit be,

and hereby is, approved until such time as the Court either grants or denies the Application,

without prejudice to the Debtor's right to present a proposed order approving the retention of

SAB&W as attorneys for the Debtor for the remainder of this case and to serve the proposed

order by notice of presentment with an opportunity for a hearing in the event that a written

objection is filed; and it is further

ORDERED, that SAB&W shall be compensated in accordance with the

procedures set forth in sections 330 and 331 of the Bankruptcy Code and such Bankruptcy Rules

and Local Rules as may then be applicable, from time to time, and such procedures as may be

fixed by order of this Court; and it is further

ORDERED, that SAB&W is authorized to apply the Retainer (as such term is defined in the Application) to pay any fees, charges and disbursements relating to services rendered to the Debtor prior to the Petition Date (as such term is defined in the Application) that remain unpaid as of such date and shall hold the remaining portion of the Retainer for application to fees, charges and disbursements relating to services rendered subsequent to the Petition Date as may be further ordered by the Court.

Dated: New York, New York
       _____, 2001

_____
UNITED STATES BANKRUPTCY JUDGE

NY1 2070994v2