Lee S. Attanasio (LA-3054)
Lance A. Schildkraut (LS-9350)
SIDLEY AUSTIN BROWN & WOOD
875 Third Avenue
New York, New York  10022
(212) 906-2000

Guy S. Neal
SIDLEY AUSTIN BROWN & WOOD LLP
1501 K Street, N.W.
Washington, D.C. 20005
(202) 736-8000

Attorneys for Debtor and Debtor-in-Possession

Andrew I. Silfen (AS-1264)
Schuyler G. Carroll (SC-0100)
OLSHAN GRUNDMAN FROME
        ROSENZWEIG & WOLOSKY LLP
505 Park Avenue
New York, NY  10022
(212) 753-7200

Attorneys for Official Committee of
        Unsecured Creditors

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------------x

In re:                                                :        Chapter 11
                                                      :
        M•TIOM, INC.,                                 :        Case No. 01-12840 (RLB)
                                                      :
                        Debtor.                       :

------------------------------------------------------------------x

**ORDER (I) APPROVING DISCLOSURE STATEMENT, (II) FIXING TIME FOR
VOTING TO ACCEPT OR REJECT THE JOINT PLAN OF LIQUIDATION,
(III) ESTABLISHING PROCEDURES FOR DISTRIBUTION OF SOLICITATION
PACKAGES, (IV) ESTABLISHING PROCEDURE FOR TABULATING VOTES,
(V) ESTABLISHING DATE FOR CONFIRMATION HEARING, (VI) ESTABLISHING
OBJECTION DEADLINE AND PROCEDURE FOR OBJECTING TO PLAN AND
(VII) APPROVING FORM AND MANNER OF NOTICE AND SOLICITATION**

        M'tiom, Inc., a Delaware corporation, debtor and debtor-in-possession herein (the

"Debtor"), and the Official Committee of Unsecured Creditors (the "Committee") having on

October 12, 2001 filed the Joint Plan of Liquidation (the "Plan")[1] under chapter 11 of title 11 of

the United States Code (the "Bankruptcy Code") and Disclosure Statement relating to the Plan

pursuant to section 1125 of the Bankruptcy Code (the "Disclosure Statement"); and based upon

---

[1]        Capitalized terms used but not defined herein shall have the meanings ascribed to such
terms in the Plan.

the Affidavits of Service heretofore filed with the Court; and the Court finding that proper and

adequate notice of the hearing to consider approval of the Disclosure Statement has been given

to all parties in interest; and upon the objection to the Disclosure Statement filed by CPA2BIZ,

Inc.; and the Court having held a hearing on October 17, 2001, and having found that the

Disclosure Statement contains "adequate information" as that term is defined by 11 U.S.C. §

1125;

> IT IS HEREBY ORDERED, and notice is hereby given that:

### Approval of Disclosure Statement

> 1. To the extent not withdrawn, all objections to the Disclosure Statement are

overrulled.

> 2. The Disclosure Statement contains adequate information as such term is

defined in section 1125 of the Bankruptcy Code.

> 3. The Disclosure Statement is approved.

> 4. The Debtor and the Committee are authorized to make non-material

changes to the Disclosure Statement prior to distributing it to creditors.

**Last Date for Receipt of Ballots**

5.      Ballots accepting or rejecting the Plan must be <u>received</u> by 5:00 p.m.

prevailing Eastern time on November <u>16</u>, 2001 or such later date established by the Court (the

"Voting Deadline"), at the following address:

> M'tiom Ballot Processing
> c/o Sidley Austin Brown & Wood
> 875 Third Avenue
> New York, New York 10022
> Attn:  Lee S. Attanasio, Esq.

Ballots received after that time will not be counted.  Ballots transmitted by facsimile will not be

accepted.

**Transmittal and Form of Notice to Non-Voting Parties**

6.      The Debtor and the Committee are authorized and directed to transmit, on

or before October <u>19</u>, 2001 or such later date established by the Court, by first class, United

States mail, to all known holders of Administrative Claims, Priority Tax Claims, Priority Claims

in Class 1, and Miscellaneous Secured Claims in Class 2, a copy of a notice substantially in the

form attached hereto as Exhibit A (the "Exhibit A Notice").  The Exhibit A Notice shall be

deemed a summary of the Plan for purposes of compliance with Rule 3017(d) of the Federal

Rules of Bankruptcy Procedure (the "Bankruptcy Rules").  The form of the Exhibit A Notice

satisfies the requirements of Bankruptcy Rule 3017(d) and is hereby approved. Service of the

Exhibit A Notice shall be deemed adequate and sufficient notice of the approval of the

Disclosure Statement, the Confirmation Hearing and the Objection Deadline to all known

holders of Administrative Claims, Priority Tax Claims, Priority Claims in Class 1, and

Miscellaneous Secured Claims in Class 2, and neither the Debtor nor the Committee shall be

required to provide any further notice or a copy of the Disclosure Statement to holders of such

Claims unless a written request for a copy of the Disclosure Statement is made as provided for in the Exhibit A Notice.

7.        The Debtor and the Committee are authorized and directed to transmit, on or before October 19, 2001 or such later date established by the Court, by first class, United States mail, to all known holders of impaired Interests in Class 5, which Class is deemed to reject the Plan, and to any party having filed a notice of appearance and demand for service of papers, a copy of the approved Disclosure Statement (with the exhibits attached thereto, including the Plan) and a copy of a notice substantially in the form attached hereto as Exhibit B (the "Exhibit B Notice"), the form of which is hereby approved.  Service of the Disclosure Statement and the Exhibit B Notice shall be deemed adequate and sufficient notice of the approval of the Disclosure Statement, the Confirmation Hearing and the Objection Deadline to all known holders of impaired Interests in Class 5 and to any party having filed a notice of appearance and demand for service of papers, and neither the Debtor nor the Committee shall be required to provide any further notice thereto.

8.        Neither the Debtor nor the Committee shall be required to send any notice to any party whose proof of claim has been disallowed or expunged in its entirety by final order of the Court entered prior to the date on which such notices are mailed, to any party whose entry on the Debtor's Schedules has been amended to reflect no amount owing, or to any taxing authorities, or other claimants, whose claims have been paid pursuant to previous order of this Court.

9.        Notice given as provided herein shall be deemed adequate and sufficient, and the Debtor and the Committee shall be deemed to have complied with Bankruptcy Rule 3017(a).

4

**Procedures for Distribution of Solicitation Packages**

10.      The Debtor and the Committee are authorized and directed to transmit, on or before October 19, 2001 or such later date established by the Court, by first class, United States mail, to all known holders of impaired Claims in Classes 3 and 4, (a) a copy of the approved Disclosure Statement (with the exhibits attached thereto, including the Plan), (b) a copy of the notice substantially in the form attached hereto as Exhibit C (the "Exhibit C Notice"), the form of which is hereby approved, and (c) the Ballot applicable to Class 3 (as applicable), substantially in the form attached hereto as Exhibit D, or the Ballot applicable to Class 4 (as applicable), substantially in the form attached hereto as Exhibit E (collectively, the "Solicitation Packages").

11.      The form of Ballot applicable to Class 3, attached hereto as Exhibit D, is hereby approved.

12.      The form of Ballot applicable to Class 4, attached hereto as Exhibit E, is hereby approved.

13.      The Debtor and the Committee are authorized to exclude from the Solicitation Packages all exhibits to the Plan and Disclosure Statement that are not attached to such documents as they have been filed with the Court.  Copies of Exhibits not included in the Solicitation Packages have been or shall be filed with the Court and may be obtained from or reviewed (i) at the Office of the Clerk of the Court during regular business hours, (ii) with a PACER password, at the Bankruptcy Court's website, http//ecf.nysb.uscourts.gov, or (iii) upon written request to counsel to the Debtor or the Committee.

**Tabulation of Ballots**

14.     Ballots must be properly executed to be counted.  Any Ballot that is illegible or contains insufficient information to permit the identification of the claimant will not be counted.  Any Ballot executed by a person not authorized to sign such a Ballot will not be counted.  Any Ballot received that is executed but that does not indicate an acceptance or rejection of the Plan, or that indicates both a vote for and against the Plan, shall be deemed to accept the Plan.  Ballots as to the holders of Class 3 Claims shall be counted as to amount of claim only on the following basis:

(a)     If a proof of claim has been filed, and has been Allowed or has not been objected to on or before the Voting Deadline, the fixed and liquidated amount set forth in the proof of claim, if any, shall be used.

(b)     If no proof of claim has been filed, the amount that appears in the Debtor's Schedules of Assets, Liabilities and Executory Contracts (collectively, as the same may be amended, the "Schedules"), that is scheduled as undisputed, non-contingent and liquidated, if any, shall be used.

(c)     If a proof of claim has been filed and has been objected to on or before the Voting Deadline, the amount that is approved by the Court in an order resolving the objection shall be used, or, if no such order has been entered on or before the Voting Deadline, then the amount that is approved by the Court, upon motion of the holder of any such claim, as an estimated amount for voting purposes shall be used, or, if no estimated amount is approved by order of the Court, then the amount (and the category) to which the Debtor or the Committee seeks to reduce the claim (whether $0 or any positive dollar amount) shall be used.

(d)     If a proof of claim has been filed that asserts a claim or a portion of a claim that is contingent and/or unliquidated, such proof of claim or portion thereof that is contingent and/or unliquidated shall not be counted unless the Court has entered an order fixing the allowed amount of such claim or establishing an estimated amount for such claim for voting purposes.

(e)     If more than one Ballot is received from the same creditor with respect to the same class, the last properly completed and executed Ballot received before the Voting Deadline will be counted.

(f)     Any Ballot cast by a party that (i) has not timely filed a proof of claim and (ii) is not listed in the Schedules as a holder of an undisputed, non-contingent and liquidated claim in an amount greater than zero shall not be counted.

15.     Votes may not be changed after the Voting Deadline.

**Date for Hearing to Consider Confirmation of the Plan**

16.     A hearing to consider confirmation of the Plan will be held on November 20, 2001 at 9:45 a.m. prevailing Eastern time before this Court (the "Confirmation Hearing"), or such later date as may be scheduled therefor by this Court, located at One Bowling Green, New York, New York 10004-1408.

17.     Neither the Debtor nor the Committee shall be required to give any further notice of any continuation or adjournment of the Confirmation Hearing, other than announcement in open Court at the Confirmation Hearing or at any continuation or adjournment thereof.  Additionally, the Plan may be modified in accordance with the Bankruptcy Code, the Bankruptcy Rules and other applicable law, without further notice, prior to or as a result of the Confirmation Hearing.

**Last Date for Filing Objections to Confirmation of the Plan**

18.     All objections to confirmation of the Plan, including any supporting memoranda, must be in writing, shall (a) be filed with the Clerk of the United States Bankruptcy Court for the Southern District of New York, One Bowling Green, New York, New York 10004-1408  together with proof of service (with a courtesy copy delivered to Judge Bohanon's Chambers), (b) state the name and address of the objecting party and the amount of its Claim or the nature of its interest in the Debtor's chapter 11 case, (c) state with particularity the provision or provisions of the Plan objected to and, for any objection asserted, the legal and factual basis for such objection, and (d) be served upon, so as to be received on or before November 16, 2001,

at 12:00 noon prevailing Eastern time, or such later date established by the Court (the "Objection

Deadline"), (i) counsel to the Debtor, Sidley Austin Brown & Wood, 875 Third Avenue, New

York, New York 10022 (Attention: Lee S. Attanasio, Esq.), (ii) counsel to the Committee,

Olshan Grundman Frome Rosenzweig & Wolosky LLP, 505 Park Avenue, New York, NY

10022 (Attention: Andrew I. Silfen, Esq. and Schuyler G. Carroll, Esq.), and (iii) the Office of

the United States Trustee, 33 Whitehall Street, 21st Floor, New York, New York 10004

(Attention: Wendy Rosenthal, Esq.).  Any objection not filed and served as set forth above will

be deemed waived and will not be considered by the Court.


Dated:  New York, New York
        October 17, 2001

                                        s/Richard L. Bohanon
                                        Honorable Richard L. Bohanon
                                        United States Bankruptcy Judge

**EXHIBIT A**

Lee S. Attanasio (LA-3054)
Lance A. Schildkraut (LS-9350)
SIDLEY AUSTIN BROWN & WOOD
875 Third Avenue
New York, New York 10022
(212) 906-2000

Guy S. Neal
SIDLEY AUSTIN BROWN & WOOD LLP
1501 K Street, N.W.
Washington, D.C. 20005
(202) 736-8000

Attorneys for Debtor and Debtor-in-Possession

Andrew I. Silfen (AS-1264)
Schuyler G. Carroll (SC-0100)
OLSHAN GRUNDMAN FROME
      ROSENZWEIG & WOLOSKY LLP
505 Park Avenue
New York, NY 10022
(212) 753-7200

Attorneys for Official Committee of
      Unsecured Creditors

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------x
In re:                                          :        Chapter 11
                                                :
      M•TIOM, INC.,                             :        Case No. 01-12840 (RLB)
                                                :
              Debtor.                           :
-------------------------------------------------------------x

**NOTICE OF (I) APPROVAL OF DISCLOSURE STATEMENT, (II) HEARING TO
CONSIDER CONFIRMATION OF JOINT PLAN OF LIQUIDATION AND (III) LAST
DATE FOR FILING OBJECTIONS TO CONFIRMATION OF THE PLAN**

TO ALL HOLDERS OF ADMINISTRATIVE CLAIMS, PRIORITY TAX CLAIMS,
 PRIORITY CLAIMS CLASSIFIED IN CLASS 1 AND MISCELLANEOUS SECURED
CLAIMS CLASSIFIED IN CLASS 2:

**APPROVAL OF DISCLOSURE STATEMENT**

PLEASE TAKE NOTICE that by Order dated _____, 2001, the

United States Bankruptcy Court for the Southern District of New York approved the Disclosure

Statement (the "Disclosure Statement") pursuant to section 1125 of chapter 11 of the Bankruptcy

Code (the " Bankruptcy Code") relating to the Joint Plan of Liquidation of M'tiom, Inc. (the

"Plan") filed by M'tiom, Inc. (the "Debtor") and the Official Committee of Unsecured Creditors

2

(the "Committee") as containing adequate information within the meaning of section 1125 of the

Bankruptcy Code.

## CONFIRMATION HEARING

PLEASE TAKE FURTHER NOTICE that on November __, 2001 at 9:45 a.m.

prevailing Eastern time, or as soon thereafter as counsel may be heard, a hearing will commence

before the Honorable Richard L. Bohanon, United States Bankruptcy Judge, at the United States

Bankruptcy Court for the Southern District of New York, One Bowling Green, New York, New

York 10004-1408 to consider confirmation of the Plan, as the same may be amended or

modified, and for such other and further relief as may be just and proper (the "Confirmation

Hearing").

PLEASE TAKE FURTHER NOTICE that the Confirmation Hearing may be

adjourned or continued from time to time without further notice to creditors or other parties in

interest other than by an announcement of such adjournment or continuation in open court at the

Confirmation Hearing or any adjournment or continuation thereof.  Additionally, the Plan may

be modified in accordance with the Bankruptcy Code, the Federal Rules of Bankruptcy

Procedure and other applicable law, without further notice, prior to or as a result of the

Confirmation Hearing.

## SUMMARY OF PLAN TREATMENT OF CLAIMS AND INTERESTS

PLEASE TAKE FURTHER NOTICE that the Plan proposes to modify the rights of certain creditors and equity securities holders of the Debtor.  The Plan establishes the following classes of Claims[1] and Interests with the following treatment:

(a)    <u>Allowed Administrative Claims</u>. Each holder of an Allowed Administrative Claim shall:  (i) be paid the full amount of such Allowed Administrative Claim, in Cash, on the later of the Effective Date and the date upon which such Administrative Claim becomes an Allowed Claim; (ii) be paid upon such other terms as may be agreed upon between such holder and the Debtor or upon Order of the Bankruptcy Court; or (iii) be paid in accordance with the ordinary business terms with respect to payment of such Allowed Administrative Claims.  The Creditor Trustee will pay holders of Allowed Administrative Claims solely from the Administrative and Priority Reserve.  Notwithstanding the foregoing no Professional Fee Claim shall be Allowed unless:  (i) the holder of such Professional Fee Claim timely files a fee application with the Bankruptcy Court so that it is received no later than thirty (30) days after the Effective Date; and (ii) the Bankruptcy Court enters a Final Order allowing such Professional Fee Claim.  Unless the Bankruptcy Court orders otherwise, holders of Professional Fee Claims shall be entitled to retain all Cash distributed to such holders prior to the Effective Date pursuant to any order of the Bankruptcy Court, up to the amount of such holder's Allowed Professional Fee Claim.  The establishment of the Administrative and Priority Reserve shall be without prejudice to the right of any party in interest to object to the allowance of any Professional Fee Claim.

(b)    <u>Class 1 Claims (Priority Claims)</u>.  On the later of the Effective Date and a date as soon as practicable after a Priority Claim becomes an Allowed Priority Claim, each Allowed Priority Claim will be paid in full in Cash (except to the extent the holders of such Claims agree to a different treatment) from the Administrative and Priority Reserve.

(c)    <u>Priority Tax Claims</u>.  Unless otherwise agreed by the holder of an Allowed Priority Tax Claim (in which event such other agreement shall govern), each holder of an Allowed Priority Tax Claim against the Debtor shall receive, on the later of the Effective Date and the date on which such Priority Tax Claim is Allowed, Cash equal to the amount of such Allowed Priority Tax Claim.  The Creditor Trustee will pay holders of Allowed Priority Tax Claims solely from the Administrative and Priority Reserve.

(d)    <u>Class 2 Claims (Miscellaneous Secured Claims)</u>.  On the Effective Date, the Creditor Trustee shall (i) distribute to each holder of an Allowed Secured Claim of the kind described in Section I.B.65(a) either (A) if available on the Effective Date, the proceeds of the Assets that secured such Allowed Secured Claim; or (B) if such Assets have not been sold, collected or otherwise disposed of on or before the Effective Date, at the option of the Creditor Trustee and each holder of a Secured Claim not later than ten (10) days prior to the Effective Date, either the Assets on which such holder has a Lien or the value of such Assets in Cash; or

---

[1] Capitalized terms used but not defined herein shall have the meanings ascribed to such terms in the Plan.

4

(ii) notify each holder of an Allowed Secured Claim of the kind described in Section I.B.65(b) that such holder is authorized to effect an offset in the amount set forth in such notice.

(e)     Class 3 Claims (Unsecured Claims).  In full and complete satisfaction, discharge and release of the Class 3 Claims, each holder of a Class 3 Claim shall receive, on the Initial Distribution Date, its Pro Rata Share of the Class 3 Reserve, and on the Final Distribution Date or on an interim date selected by the Creditor Trustee, its Pro Rata Share of the Creditor Trust Reserve.

(f)     Class 4 Claims (Convenience Claims).  On or as soon as practicable after the Effective Date, in full and complete satisfaction, discharge and release of the Class 4 Claims, each holder of a Class 4 Claim shall receive, Cash in an amount equal to forty percent (40%) of such Allowed Convenience Claim.

(g)     Class 5 Interests (Interests in the Debtor).  Holders of Interests shall not receive or retain any Distribution under this Plan.  On the Effective Date, all Class 5 Interests will be deemed to be canceled.

## CLASSES OF CLAIMS ENTITLED TO VOTE

PLEASE TAKE FURTHER NOTICE that in accordance with the terms of the Plan and the Bankruptcy Code, holders of Administrative Claims, Priority Tax Claims, Priority Claims in Class 1 and Allowed Miscellaneous Secured Claims in Class 2 are unimpaired, are conclusively presumed to have accepted the Plan and are not entitled to vote.  Additionally, holders of impaired Interests in Class 5 are deemed to have rejected the Plan and are not entitled to vote.  Only the holders of impaired Claims in Classes 3 and 4 are entitled to vote to accept or to reject the Plan.

## DEADLINE FOR OBJECTIONS TO CONFIRMATION OF THE PLAN

PLEASE TAKE FURTHER NOTICE that objections, if any, to confirmation of the Plan, including any supporting memoranda, must be in writing, shall (a) be filed with the Clerk of the United States Bankruptcy Court for the Southern District of New York, One Bowling Green, New York, New York 10004-1408, together with proof of service (with a courtesy copy delivered to Judge Bohanon's Chambers), (b) state the name and address of the objecting party and the amount of its Claim or the nature of its interest in the Debtor's chapter 11 case, (c) state with particularity the provision or provisions of the Plan objected to and, for any

5

objection asserted, the legal and factual basis for such objection and (d) be served upon (i)

counsel to the Debtor, Sidley Austin Brown & Wood, 875 Third Avenue, New York, New York

10022 (Attention: Lee S. Attanasio, Esq.), (ii) counsel to the Committee, Olshan Grundman

Frome Rosenzweig & Wolosky LLP, 505 Park Avenue, New York, NY 10022 (Attention:

Andrew I. Silfen, Esq. and Schuyler G. Carroll, Esq.), and (iii) the Office of the United States

Trustee, 33 Whitehall Street, 21st Floor, New York, New York 10004 (Attention: Wendy

Rosenthal, Esq.), by hand or in a manner as will cause such objection to be received by all such

parties on or before 12:00 noon prevailing Eastern time, on November __, 2001. Any objection

not filed and served as set forth above will be deemed waived and will not be considered by the

Court.

## COPIES OF THE PLAN AND DISCLOSURE STATEMENT

PLEASE TAKE FURTHER NOTICE that copies of the Disclosure Statement and

the Plan have been filed with the Bankruptcy Court and may be examined during regular

business hours, and are also publicly available online in electronic format at the Bankruptcy

Court's website, http//ecf.nysb.uscourts.gov, with a PACER login and password. To obtain a

PACER account, contact the PACER Service Center at (800) 676-6856 or (210) 301-6440.

Copies of these documents may also be obtained by written request (which shall include the

name of the requesting party and the nature of such party's Claim against or Interest in the

Debtor) to M'tiom Plan Requests, c/o Sidley Austin Brown & Wood, 875 Third Avenue, New

York, New York 10022, Telephone No. (212) 906-2000 and Facsimile No. (212) 906-2021,

Attn.: Lance A. Schildkraut, Esq.

Dated: New York, New York
_____, 2001

SIDLEY AUSTIN BROWN & WOOD

By: /s/ Lee S. Attanasio
    Lee S. Attanasio (LA-3054)
    Lance A. Schildkraut (LS-9350)
    875 Third Avenue
    New York, New York 10022
    (212) 906-2000  Telephone
    (212) 906-2021  Facsimile

     -- and --

    Guy S. Neal
    SIDLEY AUSTIN BROWN & WOOD LLP
    1501 K Street, N.W.
    Washington, D.C. 20005
    (202) 736-8000

Attorneys for Debtor and Debtor-in-Possession

OLSHAN GRUNDMAN FROME ROSENZWEIG
& WOLOSKY LLP

By: /s/ Schuyler G. Carroll
    Andrew I. Silfen (AS-1264)
    Schuyler G. Carroll (SC-0100)
    505 Park Avenue
    New York, New York 10022
    (212) 753-7200

Attorneys for the Official Committee
of Unsecured Creditors

**EXHIBIT B**

Lee S. Attanasio (LA-3054)                 Andrew I. Silfen (AS-1264)
Lance A. Schildkraut (LS-9350)             Schuyler G. Carroll (SC-0100)
SIDLEY AUSTIN BROWN & WOOD                 OLSHAN GRUNDMAN FROME
875 Third Avenue                               ROSENZWEIG & WOLOSKY LLP
New York, New York  10022                  505 Park Avenue
(212) 906-2000                             New York, NY  10022
                                           (212) 753-7200
Guy S. Neal
SIDLEY AUSTIN BROWN & WOOD LLP             Attorneys for Official Committee of
1501 K Street, N.W.                            Unsecured Creditors
Washington, D.C. 20005
(202) 736-8000

Attorneys for Debtor and Debtor-in-Possession


UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------------x
In re:                               :      Chapter 11
                                     :
       M•TIOM, INC.,                 :      Case No. 01-12840 (RLB)
                                     :
              Debtor.                :
---------------------------------------------------------------x

**NOTICE OF (I) APPROVAL OF DISCLOSURE STATEMENT, (II) HEARING TO
CONSIDER CONFIRMATION OF JOINT PLAN OF LIQUIDATION AND (III) LAST
DATE FOR FILING OBJECTIONS TO CONFIRMATION OF THE PLAN**

TO ALL HOLDERS OF IMPAIRED INTERESTS CLASSIFIED IN CLASS 5:

YOU WILL BE RECEIVING NO DISTRIBUTION UNDER THE JOINT PLAN OF
LIQUIDATION (THE "PLAN") ON ACCOUNT OF YOUR EQUITY INTERESTS
CATEGORIZED IN CLASS 5 OF THE PLAN.  THUS, UNDER 11 U.S.C. § 1126(g) AND AS
PROVIDED FOR IN THE PLAN, YOUR VOTE IS NOT BEING SOLICITED BECAUSE
YOU ARE DEEMED TO HAVE REJECTED THE PLAN.


**APPROVAL OF DISCLOSURE STATEMENT**

        PLEASE TAKE NOTICE that by Order dated _____, 2001, the United

States Bankruptcy Court for the Southern District of New York (the "Bankruptcy Court")

approved the Disclosure Statement (the "Disclosure Statement") pursuant to section 1125 of

chapter 11 of the United States Code (the "Bankruptcy Code") relating to Joint Plan of

Liquidation of M'tiom, Inc. (the "Plan") as containing adequate information within the meaning

of section 1125 of the Bankruptcy Code.

## CONFIRMATION HEARING

PLEASE TAKE FURTHER NOTICE that on November __, 2001 at 9:45 a.m.

prevailing Eastern time, or as soon thereafter as counsel may be heard, a hearing will commence

before the Honorable Richard L. Bohanon, United States Bankruptcy Judge, at the United States

Bankruptcy Court for the Southern District of New York, One Bowling Green, New York, New

York 10004-1408 to consider confirmation of the Plan, as the same may be further amended or

modified, and for such other and further relief as may be just and proper (the "Confirmation

Hearing").

PLEASE TAKE FURTHER NOTICE that the Confirmation Hearing may be

adjourned from time to time without further notice to creditors or other parties in interest other

than by an announcement of such an adjournment in open court at the Confirmation Hearing or

any adjournment thereof.  Additionally, the Plan may be modified in accordance with the

Bankruptcy Code, the Federal Rules of Bankruptcy Procedure and other applicable law, without

further notice, prior to or as a result of the Confirmation Hearing.

## DEADLINE FOR OBJECTIONS TO CONFIRMATION OF THE PLAN

PLEASE TAKE FURTHER NOTICE that objections, if any, to confirmation of the Plan, including any supporting memoranda, must be in writing, shall (a) be filed with the Clerk of the United States Bankruptcy Court for the Southern District of New York, One Bowling Green, New York, New York 10004-1408, together with proof of service (with a courtesy copy delivered to Judge Bohanon's Chambers), (b) state the name and address of the objecting party and the amount of its Claim or the nature of its interest in the Debtor's chapter 11 case, (c) state with particularity the provision or provisions of the Plan objected to and, for any objection asserted, the legal and factual basis for such objection and (d) be served upon (i) counsel to the Debtor, Sidley Austin Brown & Wood, 875 Third Avenue, New York, New York 10022 (Attention: Lee S. Attanasio, Esq.), (ii) counsel to the Committee, Olshan Grundman Frome Rosenzweig & Wolosky LLP, 505 Park Avenue, New York, NY 10022 (Attention: Andrew I. Silfen, Esq. and Schuyler G. Carroll, Esq.), and (iii) the Office of the United States Trustee, 33 Whitehall Street, 21st Floor, New York, New York 10004 (Attention: Wendy Rosenthal, Esq.), by hand or in a manner as will cause such objection to be received by all such parties on or before 12:00 noon prevailing Eastern time, on November __, 2001. Any objection not filed and served as set forth above will be deemed waived and will not be considered by the Court.

Dated: New York, New York
_____, 2001

SIDLEY AUSTIN BROWN & WOOD

By: /s/ Lee S. Attanasio
  Lee S. Attanasio (LA-3054)
  Lance A. Schildkraut (LS-9350)
  875 Third Avenue
  New York, New York 10022
  (212) 906-2000  Telephone
  (212) 906-2021  Facsimile

    -- and --

  Guy S. Neal
  SIDLEY AUSTIN BROWN & WOOD LLP
  1501 K Street, N.W.
  Washington, D.C. 20004
  (202) 736-8000

Attorneys for Debtor and Debtor-in-Possession

OLSHAN GRUNDMAN FROME ROSENZWEIG
& WOLOSKY LLP


By: /s/ Schuyler G. Carroll
  Andrew I. Silfen (AS-1264)
  Schuyler G. Carroll (SC-0100)
  505 Park Avenue
  New York, New York 10022
  (212) 753-7200

Attorneys for the Official Committee
of Unsecured Creditors

**EXHIBIT C**

Lee S. Attanasio (LA-3054)  
Lance A. Schildkraut (LS-9350)  
SIDLEY AUSTIN BROWN & WOOD  
875 Third Avenue  
New York, New York 10022  
(212) 906-2000  

Guy S. Neal  
SIDLEY AUSTIN BROWN & WOOD LLP  
1501 K Street, N.W.  
Washington, D.C. 20005  
(202) 736-8000  

Attorneys for Debtor and Debtor-in-Possession  

Andrew I. Silfen (AS-1264)  
Schuyler G. Carroll (SC-0100)  
OLSHAN GRUNDMAN FROME  
    ROSENZWEIG & WOLOSKY LLP  
505 Park Avenue  
New York, NY 10022  
(212) 753-7200  

Attorneys for Official Committee of  
    Unsecured Creditors  

UNITED STATES BANKRUPTCY COURT  
SOUTHERN DISTRICT OF NEW YORK  
-------------------------------------------------------------x

| | | |
|---|---|---|
| In re: | : | Chapter 11 |
| | : | |
|    M•TIOM, INC., | : | Case No. 01-12840 (RLB) |
| | : | |
|       Debtor. | : | |

-------------------------------------------------------------x

### NOTICE OF (I) APPROVAL OF DISCLOSURE STATEMENT, (II) FIXING TIME FOR VOTING TO ACCEPT OR REJECT THE JOINT PLAN OF LIQUIDATION OF M•TIOM, INC., (III) HEARING TO CONSIDER CONFIRMATION OF PLAN AND (IV) LAST DATE FOR FILING OBJECTIONS TO CONFIRMATION OF THE PLAN

TO ALL HOLDERS OF IMPAIRED CLAIMS CLASSIFIED IN CLASSES 3 AND 4:

        PLEASE TAKE NOTICE THAT YOUR VOTE IS BEING SOLICITED IN CONNECTION WITH THE JOINT PLAN OF LIQUIDATION OF M•TIOM, INC. (THE "PLAN"). YOU SHOULD CAREFULLY REVIEW THE MATERIAL SET FORTH IN THE DISCLOSURE STATEMENT ENCLOSED HEREWITH (AND IN THE EXHIBITS ATTACHED THERETO) IN ORDER TO MAKE AN INDEPENDENT DETERMINATION AS TO WHETHER TO VOTE TO ACCEPT OR REJECT THE PLAN. THE DEBTOR AND THE COMMITTEE RECOMMEND THAT YOU VOTE TO ACCEPT THE PLAN.

### APPROVAL OF DISCLOSURE STATEMENT

        PLEASE TAKE FURTHER NOTICE that by Order dated _____, 2001, the

United States Bankruptcy Court for the Southern District of New York (the "Bankruptcy Court")

approved the Disclosure Statement (the "Disclosure Statement") relating to the Plan pursuant to

section 1125 of chapter 11 of the United States Code (the "Bankruptcy Code") as containing

adequate information within the meaning of section 1125 of the Bankruptcy Code.

## DEADLINE FOR VOTING ON THE PLAN

PLEASE TAKE FURTHER NOTICE that by Order dated _____, 2001,

the Bankruptcy Court established November __, 2001 at 5:00 p.m. (prevailing Eastern time) (the

"Voting Deadline") as the deadline by which ballots accepting or rejecting the Plan must be

received.  To be counted, your ballot (which is enclosed herewith) must actually be received on

or before the Voting Deadline by:

> M'tiom Ballot Processing
> c/o Sidley Austin Brown & Wood
> 875 Third Avenue
> New York, New York 10022
> Attn: Lee S. Attanasio, Esq.

Ballots received by facsimile will <u>not</u> be counted.

## CONFIRMATION HEARING

PLEASE TAKE FURTHER NOTICE that on November <u>20</u>, 2001 at 9:45 a.m.

prevailing Eastern time, or as soon thereafter as counsel may be heard, a hearing will commence

before the Honorable Richard L. Bohanon, United States Bankruptcy Judge, at the United States

Bankruptcy Court for the Southern District of New York, One Bowling Green, New York, New

York 10004-1408 to consider confirmation of the Plan, as the same may be further amended or

modified, and for such other and further relief as may be just and proper (the "Confirmation

Hearing").

PLEASE TAKE FURTHER NOTICE that the Confirmation Hearing may be

adjourned from time to time without further notice to creditors or other parties in interest other

than by an announcement of such an adjournment in open court at the Confirmation Hearing or

any adjournment thereof.  Additionally, the Plan may be modified in accordance with the

Bankruptcy Code, the Federal Rules of Bankruptcy Procedure and other applicable law without

further notice, prior to or as a result of the Confirmation Hearing.

## DEADLINE FOR OBJECTIONS TO CONFIRMATION OF THE PLAN

PLEASE TAKE FURTHER NOTICE that objections, if any, to confirmation of

the Plan, including any supporting memoranda, must be in writing, shall (a) be filed with the

Clerk of the United States Bankruptcy Court for the Southern District of New York, One

Bowling Green, New York, New York 10004-1408, together with proof of service (with a

courtesy copy delivered to Judge Bohanon's Chambers), (b) state the name and address of the

objecting party and the amount of its Claim or the nature of its interest in the Debtor's chapter 11

case, (c) state with particularity the provision or provisions of the Plan objected to and, for any

objection asserted, the legal and factual basis for such objection and (d) be served upon (i)

counsel to the Debtor, Sidley Austin Brown & Wood, 875 Third Avenue, New York, New York

10022 (Attention: Lee S. Attanasio, Esq.), (ii) counsel to the Committee, Olshan Grundman

Frome Rosenzweig & Wolosky LLP, 505 Park Avenue, New York, NY 10022 (Attention:

Andrew I. Silfen, Esq. and Schuyler G. Carroll, Esq.), and (iii) the Office of the United States

Trustee, 33 Whitehall Street, 21st Floor, New York, New York 10004 (Attention: Wendy

Rosenthal, Esq.), by hand or in a manner as will cause such objection to be received by all such

parties on or before 12:00 noon prevailing Eastern time, on November __, 2001.  Any objection

not filed and served as set forth above will be deemed waived and will not be considered by the

Court.

3

Dated: New York, New York
_____, 2001

SIDLEY AUSTIN BROWN & WOOD

By: /s/ Lee S. Attanasio
    Lee S. Attanasio (LA-3054)
    Lance A. Schildkraut (LS-9350)
    875 Third Avenue
    New York, New York 10022
    (212) 906-2000  Telephone
    (212) 906-2021  Facsimile

      -- and --

    Guy S. Neal
    SIDLEY AUSTIN BROWN & WOOD LLP
    1501 K Street, N.W.
    Washington, D.C. 20005
    (202) 736-8000

Attorneys for Debtor and Debtor-in-Possession

OLSHAN GRUNDMAN FROME ROSENZWEIG
& WOLOSKY LLP

By: /s/ Schuyler G. Carroll
    Andrew I. Silfen (AS-1264)
    Schuyler G. Carroll (SC-0100)
    505 Park Avenue
    New York, New York 10022
    (212) 753-7200

Attorneys for the Official Committee
of Unsecured Creditors

**EXHIBIT D**

**MUST BE RECEIVED BY 5:00 P.M. (PREVAILING EASTERN TIME) NOVEMBER __, 2001**

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------x

| | | |
|---|---|---|
| In re: | : | Chapter 11 |
| | : | |
| M'tiom, Inc., | : | Case No. 01-12840 (RLB) |
| | : | |
| Debtor. | : | |

-------------------------------------------------------------x

CLASS 3 – GENERAL UNSECURED CLAIMS

1.    <u>VOTE ON PLAN</u>.  Please check one box.

[    ]  **Accepts** the Plan          [    ]  **Rejects** the Plan

2.    CONVENIENCE CLAIM ELECTION.  Please check the box below if you wish to have your claim treated as a Class 4 Claim.  Pursuant to the Plan, Class 4 Claims consist of any Claim in an amount equal to or less than $2,500.00, or voluntarily reduced by the holder of the Claim to $2,500.00  Please read Section _____ of the Disclosure Statement before making a Convenience Class election.

[    ]  I wish to have my Claim treated as a Class 4 Claim.  My Claim is equal to or less than $2,500.00, or I am voluntarily reducing my Claim to $2,500.00.

By signing this Ballot, the undersigned certifies that it is the holder of a Class 3 Unsecured Claim and has full power and authority to vote to accept or reject the Plan.  The undersigned also acknowledges that this solicitation of votes is subject to all of the terms and conditions set forth in the Disclosure Statement.  You should review the Disclosure Statement and the Plan before you vote.  You may wish to seek legal advice concerning the Plan and your classification and treatment under the Plan.

If the holder entitled to vote is a corporation, please sign in corporate name by authorized officer, or if a partnership, please sign in partnership name by authorized person.

NAME OF VOTER:

SIGNATURE: _____

BY: _____

TITLE:  (If appropriate)  _____

ADDRESS:  _____

TEL. NO. (        ) _____ - _____          DATE: _____

CLAIM AMOUNT (FOR VOTING PURPOSES ONLY): _____

**PLEASE NOTE: ANY BALLOT WHICH IS PROPERLY EXECUTED BUT DOES NOT INDICATE AN ACCEPTANCE OR REJECTION OF THE PLAN OR WHICH INDICATES BOTH AN ACCEPTANCE AND REJECTION OF THE PLAN, WILL BE COUNTED AS AN ACCEPTANCE OF THE PLAN**

**PLEASE READ AND FOLLOW THE INSTRUCTIONS ON THE REVERSE SIDE OF THE BALLOT CAREFULLY. PLEASE COMPLETE, SIGN AND DATE THIS BALLOT AND RETURN IT BY MAIL OR OVERNIGHT COURIER SO THAT IT IS RECEIVED AT THE ADDRESS SET FORTH ON THE REVERSE SIDE BY 5:00 P.M. (PREVAILING EASTERN TIME) ON NOVEMBER __, 2001.**

On _____, 2001, the United States Bankruptcy Court for the Southern District of New York (the "Bankruptcy Court") (i) approved the Disclosure Statement to the Joint Plan of Liquidation (the "Disclosure Statement") filed by Mʻtiom, Inc., debtor and debtor-in-possession in the above-captioned case (the "Debtor") and the Official Committee of Unsecured Creditors (the "Committee"), and (ii) authorized the Debtor and the Committee to solicit votes with regard to the approval or rejection of the Joint Plan of Liquidation (the "Plan"). Capitalized terms in these instructions which are not defined herein have the meanings set forth in the Plan. The amount of your Claim does not necessarily constitute an Allowed Claim under the Plan. The amount of your Claim may be subject to further reconciliation and an objection may be interposed.

## INSTRUCTIONS

1.      This Ballot is submitted to you to solicit your vote to accept or reject the Plan. Please indicate your vote by marking an "x" in the appropriate box on the face of the Ballot.

2.      After providing all remaining information requested on the face of the Ballot, please sign, date and return this Ballot by mail or overnight courier to the following address:

> Sidley Austin Brown & Wood
> 875 Third Avenue
> New York, New York 10022
> Attention:  Lee S. Attanasio, Esq.

**BALLOTS MUST BE RECEIVED BY 5:00 P.M. (PREVAILING EASTERN TIME) ON NOVEMBER ___, 2001 (THE "VOTING DEADLINE"). IF A BALLOT IS RECEIVED AFTER THE VOTING DEADLINE, IT WILL NOT BE COUNTED. AN ENVELOPE FOR RETURN OF YOUR BALLOT IS ENCLOSED FOR YOUR CONVENIENCE.**

3.      The Plan can be confirmed by the Bankruptcy Court and thereby made binding if it is accepted by the holders of at least two-thirds in amount and more than one-half in number of Impaired Claims actually voting in each voting class. In the event that the requisite acceptances are not obtained, the Bankruptcy Court may nevertheless confirm the Plan if at least one impaired class of claims has accepted the Plan and the Bankruptcy Court finds that the Plan accords fair and equitable treatment to, and does not discriminate unfairly against, the class(es) rejecting it.

4.      You must vote all of your Claims within a single Class to either accept or reject the Plan. A Ballot that partially rejects and partially accepts the Plan will be counted as an acceptance of the Plan.

5.      **Your signature is required in order for your vote to be counted. If the Claim voted with this Ballot is held by a partnership, the Ballot should be executed in the name of the partnership by an authorized person. If the Claim is held by a corporation, the Ballot must be executed by an authorized officer. If you are signing in a representative capacity, also indicate your title after your signature.**

6.      This Ballot has been prepared to reflect the class in which you are eligible to vote. If you have Claims in more than one class, you may receive more than one Ballot. **IF YOU RECEIVE MORE THAN ONE BALLOT, YOU SHOULD ASSUME THAT EACH BALLOT IS FOR A CLAIM IN A SEPARATE CLASS AND YOU SHOULD COMPLETE AND RETURN ALL OF THEM.** If you have any questions about this Ballot, please contact Lance A. Schildkraut Esq., at (212) 906-2000.

7.      The Ballot does not constitute, and shall not be deemed, a proof of Claim, an informal proof of claim or an assertion of a Claim.

**PLEASE RETURN YOUR BALLOT PROMPTLY**

**BALLOTS WILL NOT BE ACCEPTED BY FACSIMILE TRANSMISSION. IF YOU RECEIVED A DAMAGED BALLOT OR LOSE YOUR BALLOT, OR IF YOU HAVE ANY QUESTIONS CONCERNING THE DISCLOSURE STATEMENT, THE PLAN, THIS BALLOT OR THE VOTING PROCEDURES, PLEASE CONTACT LANCE A. SCHILDKRAUT, ESQ. AT (212) 906-2000.**

**EXHIBIT E**

**MUST BE RECEIVED BY 5:00 P.M. (PREVAILING EASTERN TIME) NOVEMBER __, 2001**

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------x
In re:                                    :        Chapter 11
                                          :
         M'tiom, Inc.,                    :        Case No. 01-12840 (RLB)
                                          :
                  Debtor.                 :
-----------------------------------------------------------x

CLASS 4 – CONVENIENCE CLAIMS

Please check one box.

         [   ]  **Accepts** the Plan          [   ]  **Rejects** the Plan

         By signing this Ballot, the undersigned certifies that it is the holder of a Class 4 Convenience Claim and has full power and authority to vote to accept or reject the Plan.  The undersigned also acknowledges that this solicitation of votes is subject to all of the terms and conditions set forth in the Disclosure Statement.  You should review the Disclosure Statement and the Plan before you vote.  You may wish to seek legal advice concerning the Plan and your classification and treatment under the Plan.

         If the holder entitled to vote is a corporation, please sign in corporate name by authorized officer, or if a partnership, please sign in partnership name by authorized person.

NAME OF VOTER:

SIGNATURE: _____

         BY: _____

         TITLE:  (If appropriate)  _____

         ADDRESS:  _____

         TEL. NO. (      ) _____ - _____          DATE: _____

CLAIM AMOUNT (FOR VOTING PURPOSES ONLY): _____

**PLEASE NOTE: ANY BALLOT WHICH IS PROPERLY EXECUTED BUT DOES NOT INDICATE AN ACCEPTANCE OR REJECTION OF THE PLAN OR WHICH INDICATES BOTH AN ACCEPTANCE AND REJECTION OF THE PLAN, WILL BE COUNTED AS AN ACCEPTANCE OF THE PLAN**

PLEASE READ AND FOLLOW THE INSTRUCTIONS ON THE REVERSE SIDE OF THE BALLOT CAREFULLY. PLEASE COMPLETE, SIGN AND DATE THIS BALLOT AND RETURN IT BY MAIL OR OVERNIGHT COURIER SO THAT IT IS RECEIVED AT THE ADDRESS SET FORTH ON THE REVERSE SIDE BY **5:00 P.M.** (PREVAILING EASTERN TIME) ON NOVEMBER __, **2001.**

On _____, 2001, the United States Bankruptcy Court for the Southern District of New York (the "Bankruptcy Court") (i) approved the Disclosure Statement to the Joint Plan of Liquidation (the "Disclosure Statement") filed by M' tiom, Inc., debtor and debtor-in-possession in the above-captioned case (the "Debtor"), and the Official Committee of Unsecured Creditors (the "Committee") and (ii) authorized the Debtor and the Committee to solicit votes with regard to the approval or rejection of the Joint Plan of Liquidation (the "Plan"). Capitalized terms in these instructions which are not defined herein have the meanings set forth in the Plan. The amount of your Claim does not necessarily constitute an Allowed Claim under the Plan. The amount of your Claim may be subject to further reconciliation and an objection may be interposed.

## INSTRUCTIONS

1.      This Ballot is submitted to you to solicit your vote to accept or reject the Plan. Please indicate your vote by marking an "x" in the appropriate box on the face of the Ballot.

2.      After providing all remaining information requested on the face of the Ballot, please sign, date and return this Ballot by mail or overnight courier to the following address:

> Sidley Austin Brown & Wood
> 875 Third Avenue
> New York, New York 10022
> Attention: Lee S. Attanasio, Esq.

**BALLOTS MUST BE RECEIVED BY 5:00 P.M. (PREVAILING EASTERN TIME) ON NOVEMBER __, 2001 (THE "VOTING DEADLINE"). IF A BALLOT IS RECEIVED AFTER THE VOTING DEADLINE, IT WILL NOT BE COUNTED. AN ENVELOPE FOR RETURN OF YOUR BALLOT IS ENCLOSED FOR YOUR CONVENIENCE.**

3.      The Plan can be confirmed by the Bankruptcy Court and thereby made binding if it is accepted by the holders of at least two-thirds in amount and more than one-half in number of Impaired Claims actually voting in each voting class. In the event that the requisite acceptances are not obtained, the Bankruptcy Court may nevertheless confirm the Plan if at least one impaired class of claims has accepted the Plan and the Bankruptcy Court finds that the Plan accords fair and equitable treatment to, and does not discriminate unfairly against, the class(es) rejecting it.

4.      You must vote all of your Claims within a single Class to either accept or reject the Plan. A Ballot that partially rejects and partially accepts the Plan will be counted as an acceptance of the Plan.

5.      **Your signature is required in order for your vote to be counted. If the Claim voted with this Ballot is held by a partnership, the Ballot should be executed in the name of the partnership by an authorized person. If the Claim is held by a corporation, the Ballot must be executed by an authorized officer. If you are signing in a representative capacity, also indicate your title after your signature.**

6.      This Ballot has been prepared to reflect the class in which you are eligible to vote. If you have Claims in more than one class, you may receive more than one Ballot. **IF YOU RECEIVE MORE THAN ONE BALLOT, YOU SHOULD ASSUME THAT EACH BALLOT IS FOR A CLAIM IN A SEPARATE CLASS AND YOU SHOULD COMPLETE AND RETURN ALL OF THEM.** If you have any questions about this Ballot, please contact Lance A. Schildkraut Esq., at (212) 906-2000.

7.      The Ballot does not constitute, and shall not be deemed, a proof of Claim, an informal proof of claim or an assertion of a Claim.

**PLEASE RETURN YOUR BALLOT PROMPTLY**

**BALLOTS WILL NOT BE ACCEPTED BY FACSIMILE TRANSMISSION. IF YOU RECEIVED A DAMAGED BALLOT OR LOSE YOUR BALLOT, OR IF YOU HAVE ANY QUESTIONS CONCERNING THE DISCLOSURE STATEMENT, THE PLAN, THIS BALLOT OR THE VOTING PROCEDURES, PLEASE CONTACT LANCE A. SCHILDKRAUT, ESQ. AT (212) 906-2000.**

NY1 5002677v2