
**Arent Fox**
ATTORNEYS AT LAW

**Arent Fox Kintner Plotkin & Kahn, PLLC**
1675 Broadway, 25th Floor
New York, NY 10019-5874
Phone  212/484-3900
Fax     212/484-3990
www.arentfox.com

VIA HAND DELIVERY

October 1, 2003

**Schuyler G. Carroll**
212/484-3955
carroll.schuyler@arentfox.com

The Honorable Robert D. Drain
United States Bankruptcy Court
Southern District of New York
Alexander Hamilton Custom House
One Bowling Green
New York, New York 10004-1408

Re:   In re Metiom, Inc. (the "Debtor")
      Case No. 01-12840 (RDD)

Dear Judge Drain:

This letter is in response to divine's September 25, 2003 letter to your Honor.

We apologize for burdening the Court with yet another filing. Divine's latest letter, however, addresses new, but irrelevant, matters.

Divine's discussion of whether or not the Creditor Trustee filed a proof of claim against Intira or divine is irrelevant to the issues before the Court. The question is the applicability of Section 502(d), which nowhere requires the filing of a proof of claim. In any event, the Creditor Trustee did file a proof of claim against Intira as soon as he became aware of Intira's Chapter 11 filing. Divine asserts that it is barred because it was untimely. Divine, however, neglects to mention that Intira failed to give notice to the Debtor, the Creditor Trustee or the Committee. Attached is a copy of docket entry #445, the affidavit of service for the bar date notice in the Intira bankruptcy case, which indicates that no notice of the bar date was given to Metiom, the Committee or the Creditor Trustee. Additionally, on February 15, 2002, Intira realized that it had not provided notice to hundreds of claimants and asked that the bar date be extended to allow parties that did not receive notice to file a claim. Again, a review of the second affidavit of service (attached) shows the Debtor was not noticed on the second attempt to provide creditors notice.

NYC/116866.2



October 1, 2003
Page 2

To the extent a proof of claim was relevant, Intira's failure to give notice to the Debtor, the Creditor Trustee and the Committee, provides adequate explanation for the late filed claim.

Thank you for your consideration.

Respectfully submitted,

Schuyler G. Carroll

cc: Paul Kenan Schwartzberg, Esq.
    Robert J. Feinstein, Esq.
    Beth E. Levine, Esq.
    Shari Siegel, Esq.
    Michael Schein, Esq.
    *(all via telecopier)*

NYC/116866.2